UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WAYNE HILTON,  :
:
    Petitioner  :
:
    v.  :  CIVIL NO. 4: CV-03-1016
:
COLUMBIA COUNTY, ET AL.,  :  (Judge McClure)
:
    Respondents  :

## MEMORANDUM AND ORDER

April 18, 2005

**Background**

    This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Richard Wayne Hilton, an inmate presently confined at the State Correctional Institution Waymart, Pennsylvania (SCI-Waymart). Respondents are Columbia County, its District Attorney and the Attorney General of Pennsylvania.

    Following service of the petition, Respondents filed an answer seeking dismissal of the petition on the grounds that: (1) Hilton failed to fully exhaust his

available state court remedies[1] and (2) Petitioner's *nolo contendere* plea acts as a waiver of his present claims.  By Memorandum and Order dated July 6, 2004, the Respondents' request for dismissal of the petition was denied and they were directed to submit a supplemental response.  This matter is now ripe for consideration.

According to the undisputed record, Petitioner was charged with aggravated assault, simple assault, and robbery stemming from an incident which took place on September 13, 1984.  He subsequently entered a plea of *nolo contendere* to a charge of robbery in the Columbia County Court of Common Pleas.[2]  Hilton was sentenced to a ten (10) to twenty (20) year term of incarceration on August 28, 1985. Following a direct *pro se* appeal to the Pennsylvania Superior Court, Petitioner's conviction and sentence were affirmed.  Thereafter, Hilton unsuccessfully pursued various challenges to his conviction and sentence pursuant

---

[1] Respondents assert that in addition to his <u>Brady</u> claim, the Petitioner also raises allegations of:  ineffective assistance of counsel; an unlawfully induced guilty plea; and that his conviction was obtained through use of a coerced confession and evidence seized in an illegal search and seizure.  This Court's review of the petition fails to disclose mention of any such claims.

[2] The remaining charges were *nolle prossed*.

to Pennsylvania's Post conviction Relief Act (PCRA).[3]

During 1992, Hilton initiated a § 2254 habeas corpus petition with this Court.  See Hilton v. Stepanik, Civil No. 3:CV-92- 1198.  By Memorandum and Order dated November 10, 1992, his prior petition was dismissed for failure to exhaust available state court remedies.

In his present action, Hilton alleges that his rights under Brady v. Maryland, 373 U.S. 83 (1963) were violated because the Respondents withheld evidence. His second argument generally claims entitlement to relief under United States v. Hasan, 205 F.3d 1072 (8th Cir. 2000).[4]  The Petitioner's remaining argument contends that one of the statutes under which he was convicted was impermissibly vague pursuant to the standards announced in Forbes v. Napolitano, 236 F. 3d 1009 (9th Cir. 2000).[5]

---

[3] Pennsylvania's Superior Court denied an appeal by Hilton on November 27, 1991.  See Commonwealth v. Hilton, 603 A. 2d 1079 (Pa. Super. 1991)(Table).  A petition for allowance of appeal was subsequently denied by the Pennsylvania Supreme Court.  See Commonwealth v. Hilton, 607 A.2d 250 (Pa. 1992)(Table).

[4] The Eighth Circuit's Hasan decision regarded the discretion afforded a federal district court in resentencing an individual under the Federal Sentencing Guidelines.  It's applicability to the present case is unclear.

[5] In Forbes, the Ninth Circuit found that an Arizona state criminal statute regarding use of fetal material from induced abortions violated due process because it was impermissibly vague. Consequently, its' significance with respect to Hilton's
(continued...)

In their supplemental response, Respondents initially contend that the present petition contains "identical matters" which were raised in Hilton's prior § 2254 action. Record document no. 20, ¶ 17. Consequently, they seek dismissal of this a action as a second or successive petition under 28 U.S.C. § 2244(b)(1). Respondents alternatively argue that if it is concluded that Hilton's present claims were not previously asserted, dismissal is warranted under § 2244(b)(2). See id. at ¶ 19. The supplemental response also maintains that dismissal is warranted because the petition is untimely pursuant to the standards announced in § 2244(d)(1). See id. at ¶ 20.

**Discussion**

**Second/Successive petition**

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of

---

[5](...continued)
Pennsylvania state criminal conviction is also questionable.

habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in <u>McCleskey</u> expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

<u>McCleskey</u>, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b) now provides:

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>   (A)  the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
>
>   (B)  (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and

       (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

  (3) (A) Before a second or successive application permitted by this section is filed in the district court.  The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

It is undisputed that the Petitioner initiated a prior habeas corpus action before this Court.  By Memorandum and Order dated November 10, 1992, Hilton's initial petition was dismissed for failure to exhaust state remedies.  There is no indication that Hilton initiated any additional § 2254 actions prior to the filing of this matter.

Dismissal of a § 2254 habeas corpus petition for failure to exhaust state court remedies is a dismissal without prejudice.  More importantly for purposes of this discussion, a habeas petition filed following dismissal of a prior petition without prejudice for failure to exhaust state remedies is not a second or successive petition for purposes of § 2244.  <u>Camarano v. Irvin</u>, 98 F.3d 44, 46  (2nd Cir. 1996).  When a first petition is dismissed for failure to exhaust, a

subsequently filed petition is not considered a second or successive petition. Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D. Pa.2000). Pursuant to the Camarano and Rauso standards, the Respondents' request that this action be dismissed as a second or successive petition will be denied.

**Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the direct appeal is concluded.

7

See <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original).

However, a one year grace period existed for applicants whose convictions became final before the April 23, 1996 effective date of the AEDPA. See <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998). Hilton's conviction became final in 1995 after he failed to appeal the Pennsylvania Superior Court's July 31, 1995 dismissal of his direct appeal. Consequently, he was entitled to protection under the AEDPA's one year grace period. Accordingly, he was required to seek federal habeas corpus relief on or before April 23, 1997.

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules

governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

As noted above, under the AEDPA's one year grace period, the Petitioner had until April 23, 1997 in which to seek federal habeas corpus relief. According to the Respondents, Hilton filed a fourth PCRA petition on June 23, 1997.[6] See Record document no. 20, Exhibit 5. It was denied two days later on the basis that the issues asserted therein were previously litigated. See id. at Exhibit 6. The

---

[6] Based on the Respondents' undisputed supplemental response, Hilton filed prior unsuccessful PCRA actions in 1988, 1994, and 1995. See Record document no. 20, ¶ 11(a)-(c).

record contains no indication that an appeal was pursued. According to the original answer submitted in this matter, Hilton filed a motion for reduction of sentence on June 11, 1998 which was denied five days later. In March, 2001, Petitioner filed an unsuccessful petition seeking reconsideration of his sentence nunc pro tunc . See Record document no. 16.

In Nara v. Frank, 264 F.3d 310, 316 (3d Cir. 2001) the Third Circuit recognized that a motion to withdraw a guilty plea nunc pro tunc "was a 'properly filed application for state post-conviction or other collateral review' within the meaning of § 2244(d)(2)." However, a subsequent ruling by the Third Circuit held that an untimely PCRA petition was not a properly filed action for purposes of the AEDPA and therefore did not toll the statute of limitation for the filing of a federal habeas petition. Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

Recently, in Schleueter v. Varner, 2004 WL 2035180 (3d Cir. Sept. 14, 2004), the Third Circuit established that a state court ruling dismissing a PCRA petition as untimely was controlling for purposes of a determination under Merritt. The Court of Appeals added that tolling was not permissible "merely because petitioner unsuccessfully has sought the right to appeal *nunc pro tunc* years after his unexercised right to file a timely direct appeal has expired." Id. at p. 6.

Since Hilton's most recent PCRA petition was not dismissed as being untimely, this Court will assume <u>arguendo</u> that the statute of limitations was tolled until June 25, 1997, the date his fourth PCRA action was dismissed. However, under the standards announced in <u>Merritt</u> and <u>Schleueter</u>, it is the conclusion of this Court that Hilton is not entitled to statutory tolling for the period that his motion for reduction of sentence and subsequent petition for reconsideration <u>nunc pro tunc</u> were pending in state court. Since Hilton's pending § 2254 petition was not filed until 2003, it was still initiated well beyond the one year limitations period established by § 2244.

However, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." <u>Jones</u>, 195 F.3d at 159, citing <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616 (3d Cir. 1998). The <u>Jones</u> court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[7] "In non-capital cases, attorney error, miscalculation, inadequate

---

[7] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly
(continued...)

research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[8]

With respect to the doctrine of equitable tolling, it is noted that there is no evidence that the Commonwealth actively misled the Petitioner or that he was somehow prevented from asserting his rights. A review of the record also establishes that this is not a situation involving recently discovered claims. Petitioner has been challenging the legality of his criminal conviction since the 1980s. He has previously filed a direct appeal, four PCRA petitions and a prior federal habeas corpus action. Thus, he has made a sustained effort to challenge his conviction. However, there was clearly a prolonged period of inactivity from 1997 to 2003 during which Petitioner made no attempt to seek federal habeas corpus relief.

In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the Third Circuit held that attorney error was not a sufficient basis for equitable tolling. Likewise, it

---

[7](...continued)
in the wrong forum." Jones, 195 F.3d at 159.

[8] This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

has been established that the principles of equitable tolling do not extend to claims of excusable neglect. <u>Irwin, Dept. Of Veterans' Affairs</u>, 498 U.S. 89, 96 (1990). In light of Hilton's prolonged period of inaction, the facts of this case do not constitute the extraordinary circumstances required for equitable tolling. While this Court is sympathetic to the plight of <u>pro se</u> litigants, under the standards set forth in <u>Miller</u> and <u>Jones</u>, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling.[9]  Thus, Petitioner's request for federal habeas corpus relief will be dismissed pursuant to 28 U.S.C. § 2244(d)(1)(A).  Consequently,

**IT HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).
2. The Clerk of Court is directed to close the case.

---

9. To the extent that Hilton believes that there are circumstances existing that would warrant tolling of the limitations period, or that he can allege facts showing that his present habeas corpus petition was timely filed, he may seek reconsideration of this decision.  Any motion for reconsideration must be filed within ten (10) days of this decision.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

      <u>s/ James F. McClure, Jr.</u>
      JAMES F. McCLURE, JR.
      United States District Judge